IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Court No. 20-cv-3902 |
| | ) |
| | ) |
| WINLAND INTERNATIONAL, INC., | ) |
| dba Super Tire, Inc., | ) |
| ZHENG "MIRANDA" ZHAO, | ) |
| KUN "BRUCE" LIU, | ) |
| LIANG "LEON" YU, | ) |
| XIN "DEVIN" ZHANG, | ) |
| SHAOHUI "JASPER" JIA, | ) |
| QINGHUA "SHIRLEY" SONG, | ) |
| YU "JOANNA" PENG, | ) |
| LI "CATHY" CHEN, | ) |
| DENG "DAVID" YONGQIANG, | ) |
| XIAOZHEN "JENNY" ZHANG, | ) |
| JINBING "DAVID" WANG, | ) |
| DI "TERRY" WANG, | ) |
| LIN "LEO" ZHANG, and | ) |
| MINGLIAN "BILL" LI, | ) |
| | ) |
| Defendants. | ) |

## <u>COMPLAINT</u>

Plaintiff, the United States of America, through its undersigned attorneys, hereby brings

this action against WINLAND INTERNATIONAL, INC., dba Super Tire, Inc., ZHENG

"MIRANDA" ZHAO, KUN "BRUCE" LIU, LIANG "LEON" YU, XIN "DEVIN" ZHANG,

SHAOHUI "JASPER" JIA, QINGHUA "SHIRLEY" SONG, YU "JOANNA" PENG, LI

"CATHY" CHEN, DENG "DAVID" YONGQIANG, XIAOZHEN "JENNY" ZHANG, JINBING

"DAVID" WANG,       DI "TERRY" WANG, LIN "LEO" ZHANG, and

MINGLIAN "BILL" LI, jointly and severally, and alleges the following:

1. The United States initiates this action on behalf of U.S. Customs and Border Protection (CBP) to recover (1) penalties in fraud amounting to $20,947,592.97, pursuant to 19 U.S.C. § 1592(c)(1); or alternatively, (2) penalties in gross negligence amounting to $12,462,459.96, pursuant to 19 U.S.C. § 1592(c)(2); and (3) unpaid duties, taxes and fees in the amount of $5,627,804.33 under a theory of fraud, or alternatively, in the amount of $2,169,569.48 under a theory of gross negligence, pursuant to 19 U.S.C. § 1592(d). This complaint relates to the introduction into U.S. commerce of off-the-road (OTR) tires, passenger vehicle and light truck (PVLT) tires, and truck and bus tires (collectively, "Subject Tires") from the People's Republic of China (PRC). These entries are identified in Exhibit A (fraud) and Exhibit B (gross negligence).

## Jurisdiction

2. This Court possesses exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1582.

## Defendants & Related Parties

3. WINLAND, dba Super Tire, Inc. was incorporated in the state of Texas in 1997, with a business address of 723 Buffalo Run, Missouri City, Texas. WINLAND sold tires to retailers and consumers.

4. Defendant ZHENG "MIRANDA" ZHAO (ZHAO) resided in Missouri City, Texas, and directed and controlled WINLAND's operations.

5. Defendant KUN "BRUCE" LIU (LIU) resided in Sugarland, Texas, and was the Vice-President of WINLAND.

6. Defendant LIANG "LEON" YU (YU) resided in Missouri City, Texas, and was the office manager of WINLAND.

7.     Defendant XIN "DEVIN" ZHANG (D. ZHANG) resided in PRC and was an agent of WINLAND.

8.     Defendant SHAOHUI "JASPER" JIA (JIA) resided in PRC and was an agent of WINLAND.

9.     Defendant QINGHUA "SHIRLEY" SONG (SONG) resided in Jurupa Valley, California and PRC, and was the president and owner of Qingdao Sinorient International Co., Ltd. (QSI).

10.     Defendant YU "JOANNA" PENG (PENG) resided in PRC and was a representative of Qingdao Odyking Tyre Co., Ltd. (Odyking).

11.     Defendant LI "CATHY" CHEN (CHEN) resided in the PRC and was a sales manager for Qingdao Wangyu Rubber Co., Ltd. (Wangyu Rubber).

12.     Defendant DENG "DAVID" YONGQIANG (YONGQIANG) resided in PRC and was an agent of WINLAND.

13.     Defendant XIAOZHEN "JENNY" ZHANG (J. ZHANG) resided in PRC and was a representative of Qingdao Sunfulcess Tyre Co., Ltd. (Sunfulcess).

14.      Defendant JINBING "DAVID" WANG (D. WANG) resided in Cherry Hill, New Jersey and was an officer of Tire Source Group, Inc. (TSG).

15.     Defendant DI "TERRY" WANG (T. WANG) resided in PRC and was a sales manager for Qingdao Black Tire Co., Ltd. (Black Tire).

16.     Defendant LIN "LEO" ZHANG (L. ZHANG) resided in PRC and was an associate of defendant D. WANG.

17.     Defendant MINGLIAN "BILL" LI (LI) resided in PRC and was a representative of Shandong Haohua Tire Co., Ltd. (Haohua).

**BACKGROUND**

18.     Companies and individuals that imported merchandise into the United States were required to pay duties associated with that merchandise, including antidumping duties.

19.     It was the responsibility of CBP to assess and collect all duties, taxes and fees on merchandise imported into the United States.

20.     Every importation of merchandise into the United States, except for articles specifically exempted by law or regulation, were required to be accompanied by an entry package for review by CBP.  The entry package consisted of Customs Forms (CF) 3461, CF 7501, and required documentation such as commercial invoices, packing lists, bills of lading (air or ocean shipping information), certificates of origin, and any other documentation required by CBP or another federal agency with applicable regulatory requirements.

21.     The importer of record or the importer's authorized representative could present the information in the entry package in person or through an electronic database.

22.     Applicable customs duties, including antidumping duties, are calculated by CBP by applying the proper duty rate for the specific merchandise to its value as shown on the commercial invoice and other supporting documentation.

**Antidumping Duties on Subject Tires**

23.     Antidumping duties are designed to protect domestic industry from injury when countries "dump" cheaper foreign merchandise into the commerce of the United States. Antidumping duties are imposed after a determination has been made by the U.S. Department of Commerce (Commerce) that a class or kind of foreign merchandise is being sold in the United States at less than fair market value.

24.     Antidumping duties are to be paid by the importer at the time of entry in addition to any other customs duties owed for the merchandise.  The payment of antidumping duties by the importer ensures that foreign suppliers do not gain unfair advantage over U.S. manufacturers.

25.     Commerce and the U.S. International Trade Commission conducted three antidumping investigations concerning imports of OTR, PVLT and truck and bus tires from the PRC to determine if U.S. industry was being materially injured or threatened with material injury due to the sale of OTR, PVLT and truck and bus tires at less than normal value in the U.S. market.

26.     Upon completion of its investigations, Commerce found that Subject Tires were being, or were likely to be, sold at less than fair market value.

27.     Firms subject to antidumping investigations were given an opportunity to provide information related to granting separate rates to individual exporters.  Exporters were treated as respondents in antidumping proceedings because an exporter is the "price discriminator" or the party in the position to set the price of subject merchandise in the United States.  In order to obtain separate rate status, exporters and manufacturers were required to submit separate rate applications.

28.     Firms eligible for a separate rate received a "Combination Rate."  Combination Rates apply to specific combinations for exporters and one or more manufacturers.  The separate rate will only apply to merchandise that is both exported by the specified exporting firm and produced by the specified manufacturing firm that supplied the exporter during the period of investigation.

29.     Firms not in receipt of a separate, Combination Rate were subject to the "all others" rate (in this case, the PRC country-wide rate).  The PRC country-wide rates were significantly higher than separate, Combination Rates, and are set forth in this table:

| Type of Tire | Case initiation | Case Number | All Others Rate |
| --- | --- | --- | --- |
| OTR | 02/20/2008 | A-570-912 | 210.48% |
| PVLT | 07/21/2014 | A-570-016 | 87.99% |
| Truck and Bus | 02/25/2016 | A-570-040 | 22.16% |

## Summary of Fraud Scheme

30.    From on or about April 30, 2008, through on or about September 14, 2018, and at various dates in between, defendants introduced, or attempted to introduce, 197 entries of OTR tires, PVLT tires, and bus and truck tires into the commerce of the United States by false statements and/or omissions in order to (1) evade payment of antidumping duties, and/or (2) undervalue the merchandise.  These 197 entries (Subject Entries) are identified in Exhibit A.

### False Statements to Avoid Paying Antidumping Duty Combination Rates

31.    While directing operations at WINLAND, ZHAO and 13 other individual defendants created or cause to be created, procured or cause to be procured, supplied or caused to be supplied, false entry documents and other records that concealed the actual exporter and manufacturer of Subject Tires.  These defendants conspired to introduce, and then introduced or aided the introduction of, Subject Tires into the United States, using falsified entry documents and records to give the false impression that these tires originated from manufacturers and exporters with Combination Rates, and were exempt from PRC country-wide duty rates.

32.    Each defendant's conduct caused Subject Tires to be introduced into U.S. commerce, and allowed WINLAND to pay Combination Rates that resulted in the underpayment of duties.

### Undervaluation of Subject Tires

33.    ZHAO also conspired with the 13 other defendants in respective phases of the scheme to allow WINLAND to avoid paying additional duties by knowingly and falsely undervaluing Subject Tires.  Each defendant created or caused to be created, procured or caused

6

to be procured, supplied or caused to be supplied, invoices and entry records that falsely depicted lower amounts paid by WINLAND for Subject Tires than the amounts actually paid by WINLAND. Defendants' conduct caused these false statements and records to be submitted to CBP, to allow WINLAND to pay fewer duties on Subject Tires than it would have paid if true invoices and entry records had been submitted.

34. Defendants' conduct caused Subject Tires to be undervalued, which resulted in WINLAND's payment of fewer duties, taxes and fees than WINLAND would have paid if the invoices and entry records were true and accurate.

**Defendants' Roles in the Fraud Scheme**

35. ZHAO owned WINLAND, and for the entirety of the scheme, from 2008 through 2018, directed WINLAND's operations, controlled WINLAND's bank accounts, and directed WINLAND's employees and agents as they carried out the fraud scheme. Among other things, ZHAO negotiated and executed agreements with PRC tire manufacturers to obtain falsified documents that WINLAND used to introduce Subject Tires into U.S. commerce.

36. LIU was WINLAND's Vice-President, and became involved in the fraud scheme beginning in or around 2016. Among other things, LIU falsified, or caused to be falsified, WINLAND entry paperwork in order to undervalue and misstate the manufacturers and exporters of Subject Tires imported by WINLAND.

37. YU was WINLAND's office manager from 2006 to 2014. Among other things, YU falsified, or caused to be falsified, WINLAND entry paperwork to give the false impression that WINLAND imported tires which were not subject to PRC country-wide duty rates.

38. D. ZHANG worked at a PRC company, Qingdao Rich Glory International Trading Company, Inc., and was an agent of WINLAND. He began working with other defendants in this scheme beginning in or around April 2011. Among other things, D. ZHANG

obtained and falsified invoices for WINLAND, for the purpose of allowing WINLAND to claim that Subject Tires were not subject to PRC country-wide duty rates.

39.    JIA was an agent of WINLAND, and was active in the fraud conspiracy from in or around 2009 through in or around 2018.  Among other things, JIA supplied to WINLAND, or caused to be supplied to WINLAND, false documents from PRC tire manufacturers, for the purpose of allowing WINLAND to create the false impression that it was importing tires that were not subject to PRC country-wide duty rates.

40.    SONG operated QSI, a PRC tire manufacturer to which Commerce had granted a Combination Duty Rate.  Among other things, SONG entered into and executed a written agreement with ZHAO and WINLAND, whereby SONG was paid compensation for allowing WINLAND to falsely use QSI's name and *pro-forma* company documents, for the purpose of allowing WINLAND to avoid paying PRC country-wide duty rates.

41.    PENG worked for PRC tire company Odyking, which was subject to the PRC country-wide duty rate for tires.  Among other things, from in or around 2008 through in or around 2010, PENG sold tires manufactured by Odyking to WINLAND, but falsified commercial invoices, packing lists and bills of lading for the purpose of allowing WINLAND to falsely state that the tires it imported were subject to Combination Duty Rates.

42.    CHEN was the sales manager for Wangyu Rubber, a PRC tire manufacturer, and sold tires to WINLAND.  Among other things, CHEN falsified, or caused to be falsified, commercial invoices, packing lists and bills of lading to give the false impression that tires which had been sold by Wangyu Rubber to WINLAND were subject to Combination Duty Rates.

43.    YONGQIANG was an employee of Maxen Tires Company, Ltd., a PRC tire manufacturer, and was an agent of WINLAND.  Among other things, YONGQIANG falsified, or caused to be falsified, WINLAND's CBP entry paperwork so that it (1) falsely understated the

value of tires imported by WINLAND, and (2) falsely stated the true manufacturers and exporters of tires imported by WINLAND, so that WINLAND could claim the tires were subject to Combination Duty Rates.

44.     J. ZHANG worked for Qingdao Sunfulcess Tyre Company, Ltd. (Sunfulcess), a PRC tire manufacturer subject to PRC country-wide duty rates, that sold tires to WINLAND. Among other things, J. ZHANG falsified, or caused be falsified, entry records to give the false impression that the tires imported by WINLAND were subject to Combination Duty Rates.

45.     D. WANG was the President of TSG and was employed by Rockies Tyre Co., Ltd., a PRC tire manufacturer.  Among other things, from in our around May 2017 through August 2018, D. WANG falsified, or caused to be falsified, entry records that falsely undervalued Subject Tires imported by WINLAND.

46.     T. WANG was the sales manager for Black Tire, a PRC company that sold tires to WINLAND.  Among other things, T. WANG falsified, or caused to be falsified, entry paperwork used by WINLAND to misstate the identity of the actual manufacturers and exporters of tires imported by WINLAND, and to undervalue the merchandise.

47.     L. ZHANG worked for Rockies Tyre.  Among other things, L. ZHANG supplied or caused to be supplied, created or caused to be created, false, low-value invoices for the purpose of allowing WINLAND to reduce the amount of duties it paid for Subject Tires it imported.

48.     LI was an employee of Haohua, a PRC company.  Among other things, LI supplied to WINLAND, or caused to be supplied to WINLAND, falsified documents for the purpose of allowing WINLAND to claim that Subject Tires it imported were subject to Combination Duty Rates.

**Subject Entries**

49.     A complete identification of each of the 197 Subject Entries, together with the defendants who caused each of these entries to be introduced into U.S. commerce, the nature of the false statement associated with each entry, and the amount of duties and penalties owed on each entry, are attached to this complaint as Exhibits A, B, and C.

**Pre-Penalty and Penalty Notices**

50.     On November 10, 2020, CBP issued pre-penalty notices to all defendants for the Subject Entries, described Exhibit A.

51.     CBP received responses from defendants WINLAND, ZHAO, YU, LI, and D. WANG.  After considering the responses, CBP determined that there were violations of 19 U.S.C. § 1592(a) by defendants WINLAND, ZHAO, YU, LI and D. WANG for which a penalty should be issued.

52.     CBP did not receive responses to the November 10, 2020, pre-penalty notices from any of the other defendants.

53.     On November 25, 2020, CBP issued penalty notices to all defendants for the Subject Entries described in Exhibits A, B & C.

54.     None of the defendants paid any of the penalties owed.  Accordingly, CBP has exhausted all administrative remedies.

**Statute of Limitations**

55.     This action is timely pursuant to 19 U.S.C. § 1621.  The government discovered the fraud on or after December 14, 2015.

**COUNTS**

56.     For Counts 1 through 20, the allegations contained in paragraphs 1 through 49, and further described in Exhibits A, B, and C, are restated and incorporated by reference.

**COUNT 1:  WINLAND, ZHAO, YU and PENG (4B)**

57.     The acts described in Exhibit C, paragraphs 1-3, were committed as a result of fraud by WINLAND, ZHAO, YU and PENG, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

58.     By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO, YU and PENG are jointly and severally liable for a duty demand in the amount of $347,155.68 and for a penalty in the amount of $756,235.18.  The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 3, and further detailed in Exhibits A and C.

**COUNT 2:  WINLAND, ZHAO, and YU (4D)**

59.     The acts described in Exhibit C, paragraphs 4-5, were committed as a result of fraud by WINLAND, ZHAO, and YU, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

60.     By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO, and YU are jointly and severally liable for a duty demand in the amount of $19,092.14, and for a penalty in the amount of $476,760.20.  The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 5, and further detailed in Exhibits A and C.

**COUNT 3:  WINLAND, ZHAO and D. ZHANG (4A)**

61.     The acts described in Exhibit C, paragraphs 6-7, were committed as a result of fraud by WINLAND, ZHAO and D. ZHANG, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

62.     By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO and D. ZHANG are jointly and severally liable for a duty demand in the

11

amount of $664,675.27 and a penalty in the amount of $1,314,221.52. The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 7, and further detailed in Exhibits A and C.

### COUNTS 4 and 5: WINLAND, ZHAO, D. ZHANG, SONG, JIA and CHEN (3)

### COUNT 4

63.     The acts described in Exhibit C, paragraphs 8-9, were committed as a result of fraud by WINLAND, ZHAO, D. ZHANG, SONG, JIA and CHEN, in violation of 19 U.S.C.     § 1592(a)(1)(A) & (B).

64.     By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO, D. ZHANG, SONG, JIA and CHEN are jointly and severally liable for a duty demand in the amount of $1,828,560 and a penalty in the amount of $4,923,566.22. The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 9, and further detailed in Exhibits A and C.

### COUNT 5

65.     Alternatively, the acts described in Exhibit C, paragraphs 8-9, were committed as the result of gross negligence by WINLAND, ZHAO, D. ZHANG, SONG, JIA and CHEN in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

66.     By reason of these grossly negligent violations, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(2), WINLAND, ZHAO, D. ZHANG, SONG, JIA and CHEN are jointly and severally liable for a duty demand in the amount of $105,747.35 and penalty in the amount of $959,058.20. The penalty is equal to four times the duties, taxes and fees of the entries listed in the table in Exhibit C, paragraph 9, dated after 2015, or $239,764.55, of which the United States was deprived or potentially deprived.

## COUNT 6:  WINLAND, ZHAO, YU and D. ZHANG (4C)

67.     The acts described in Exhibit C, paragraphs 10-11, were committed as a result of fraud by WINLAND, ZHAO, YU and D. ZHANG, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

68.     By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO, YU and D. ZHANG are jointly and severally liable for a duty demand in the amount of $534,972.16 and a penalty in the amount of $1,077,338.82.  The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 11, and further detailed in Exhibits A and C.

## COUNTS 7 AND 8:  WINLAND, ZHAO and YONGQIANG (4F)

## COUNT 7

69.     The acts described in Exhibit C, paragraphs 12-14, were committed as a result of fraud by WINLAND, ZHAO and YONGQIANG, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

70.     By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO and YONGQIANG are jointly and severally liable for a duty demands in the amount of $892,590.59 and a penalty in the amount of $2,780,941.49.  The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 14, and further detailed in Exhibits A and C.

## COUNT 8

71.     Alternatively, the acts described in Exhibit C, paragraphs 12-14, were committed as the result of gross negligence by WINLAND, ZHAO and YONGQIANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

72.    By reason of these grossly negligent violations, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(2), WINLAND, ZHAO and YONGQIANG are jointly and severally liable for a duty demand in the amount of $892,590.59 and a penalty in the amount of $2,780,941.49. The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 14, and further detailed in Exhibit A, an amount that is less than four times the duties, taxes and fees, or $892,590.59, of which the United States was deprived.

### COUNTS 9 AND 10:  WINLAND, ZHAO, D. ZHANG and T. WANG (4H)

### COUNT 9

73.    The acts described in Exhibit C, paragraphs 15-17, were committed as a result of fraud by WINLAND, ZHAO, D. ZHANG and T. WANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

74.    By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO, D. ZHANG and T. WANG are jointly and severally liable for a duty demand in the amount of $677,653.64 and a penalty in the amount of $2,649,535.56. The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 17, and further detailed in Exhibits A and C.

### COUNT 10

75.    Alternatively, the acts described in Exhibit C, paragraphs 15-17, were committed as the result of gross negligence by WINLAND, ZHAO, D. ZHANG and T. WANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

76.    By reason of these grossly negligent violations, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(2), WINLAND, ZHAO, D. ZHANG and T. WANG are jointly and severally liable for a duty demand in the amount of $506,335.36 and a penalty in the amount of $2,025,341.44.

The penalty is equal to four times the duties, taxes and fees of entries listed in the table in Exhibit C, paragraph 17, dated after 2015, or $506,335.36, of which the United States was deprived.

### COUNTS 11 AND 12:  WINLAND, ZHAO and T. WANG (2)

### COUNT 11

77.     The acts described in Exhibit C, paragraphs 18-20, were committed as a result of fraud by WINLAND, ZHAO and T. WANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

78.     By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO and T. WANG are jointly and severally liable for a duty demand in the amount of $235,040.61 and a penalty in the amount of $641,486.86.  The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 20, and further detailed in Exhibits A and C.

### COUNT 12

79.     Alternatively, the acts described in Exhibit C, paragraphs 18-20, were committed as the result of gross negligence by WINLAND, ZHAO and T. WANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

80.     By reason of these grossly negligent violations, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(2), WINLAND, ZHAO and T. WANG are jointly and severally liable for a duty demand in the amount of $235,040.61 and a penalty in the amount of $641,486.86.  The penalty is equal to the domestic value of the entries listed in Exhibit C, paragraph 20, and further detailed in Exhibit A, an amount that is less than four times the duties, taxes and fees, or $235,040.61, of which the United States was deprived.

## COUNTS 13 AND 14:  WINLAND, ZHAO, LIU, JIA AND T. WANG (1)

## COUNT 13

81.     The acts described in Exhibit C, paragraphs 21-23, were committed as a result of fraud by WINLAND, ZHAO, LIU, JIA and T. WANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

82.     By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO, LIU, JIA and T. WANG are jointly and severally liable for a duty demand in the amount of $200,105.60 and a penalty in the amount of $3,008,375.20.  The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 23, and further detailed in Exhibits A and C.

## COUNT 14

83.     Alternatively, the acts described in Exhibit C, paragraphs 21-23, were committed as the result of gross negligence by WINLAND, ZHAO, LIU, JIA and T. WANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

84.     By reason of these grossly negligent violations, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(2), WINLAND, ZHAO, LIU, JIA and T. WANG are jointly and severally liable for a duty demand in the amount of $200,105.60 and a penalty in the amount of $837,363.40.  The penalty is equal to four times the duties, taxes and fees of the entries listed in the table in Exhibit C, paragraph 23, or $209,340.85, of which the United States was deprived or potentially deprived.

## COUNTS 15 AND 16:  WINLAND, ZHAO, LIU and J. ZHANG (4G)

## COUNT 15

85.     The acts described in Exhibit C, paragraphs 24-26, were committed as a result of fraud by WINLAND, ZHAO, LIU and J. ZHANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

86.     By reason of this fraud, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(1), WINLAND, ZHAO, LIU and J. ZHANG are jointly and severally liable for a duty demand in the amount of $228,382.53 and a penalty in the amount of $2,468,944.85.  The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 26, and further detailed in Exhibit A.

## COUNT 16

87.     Alternatively, the acts described in Exhibit C, paragraphs 24-26, were committed as the result of gross negligence by WINLAND, ZHAO, LIU and J. ZHANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

88.     By reason of these grossly negligent violations, pursuant to 19 U.S.C. §§ 1592(d) and 1592(c)(2), WINLAND, ZHAO, LIU and J. ZHANG are jointly and severally liable for a duty demand in the amount of $199,030.36 and a penalty in the amount of $2,468,944.85. The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 26, dated after 2015, and further detailed in Exhibit A, an amount that is less than four times the duties, taxes and fees, or $743,968.08, of which the United States was deprived or potentially deprived.

**COUNTS 17 AND 18:  WINLAND, ZHAO, LIU, L. ZHANG and D. WANG (5)**

**COUNT 17**

89.     The acts described in Exhibit C, paragraphs 27-29, were committed as a result of fraud by WINLAND, ZHAO, LIU, L. ZHANG and D. WANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

90.     By reason of this fraud, pursuant to 19 U.S.C. § 1592(c)(1), WINLAND, ZHAO, LIU, L. ZHANG and D. WANG are jointly and severally liable for a penalty in the amount of $320,738.58.  The penalty is equal to the domestic value of the entries listed in the table in Exhibit C, paragraph 29, and further detailed in Exhibit A.

**COUNT 18**

91.     Alternatively, the acts described in Exhibit C, paragraphs 27-29, were committed as the result of gross negligence by WINLAND, ZHAO, LIU, L. ZHANG and D. WANG in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

92.     By reason of these grossly negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), WINLAND, ZHAO, LIU, L. ZHANG and D. WANG are jointly and severally liable for a penalty in the amount of $320,738.58.  The penalty is equal to the domestic value of the entries listed in Exhibit C, paragraph 29, and further detailed in Exhibit A, an amount that is less than four times the duties, taxes and fees, or $103,827.58, of which the United States was potentially deprived.

**COUNTS 19 AND 20:  WINLAND, ZHAO and LI (4E)**

**COUNT 19**

93.     The acts described in Exhibit C, paragraphs 30-31, were committed as a result of fraud by WINLAND, ZHAO and LI in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

94.     By reason of this fraud, pursuant to 19 U.S.C. § 1592(c)(1), WINLAND, ZHAO and LI are jointly and severally liable for a penalty in the amount of $529,448.89.  The penalty is equal to the domestic value of the entries listed in Exhibit C, paragraph 31, and further detailed in Exhibit A.

## COUNT 20

95.     Alternatively, the acts described in Exhibit C, paragraphs 30-31, were committed as the result of gross negligence by WINLAND, ZHAO, and LI in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

96.     By reason of these grossly negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), WINLAND, ZHAO, and LI are jointly and severally liable for a penalty in the amount of $69,465.14.  The penalty is equal to the domestic value of the entries listed in Exhibit C, paragraph 31, dated after 2015, and further detailed in Exhibit A, an amount that is less than four times the duties, taxes and fees, or $19,823.68, of which the United States was potentially deprived.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States respectfully requests that:

1.  the Court enter judgment against WINLAND, ZHAO, YU and PENG, jointly and severally, for:

Count 1:  violations of section 1592(a)(1)(A) & (B), at a culpability level of fraud, in the amount of $347,155.68 for duties owed, and for a penalty in the amount of $756,235.18, plus such other relief as may be just and appropriate; and,

2.  the Court enter judgment against WINLAND, ZHAO, and YU, jointly and severally, for:

Count 2: violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, in the amount of $19,092.14 for duties owed, and for a penalty in the amount of $476,760.20, plus such other relief as may be just and appropriate; and,

3. the Court enter judgment against WINLAND, ZHAO, and D. ZHANG, jointly and severally, for:

Count 3: violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, in the amount of $664,675.27 for duties owed, and a for penalty in the amount of $1,314,221.52, plus such other relief as may be just and appropriate; and,

4. the Court enter judgment against WINLAND, ZHAO, D. ZHANG, SONG, JIA and CHEN, jointly and severally, for:

Count 4: violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, in the amount of $1,828,560 for duties owed, and for a penalty in the amount of $4,923,566.22, plus such other relief as may be just and appropriate; or alternatively,

Count 5: grossly negligent violations of section 1592(a)(1)(A), in the amount of $105,747.35 for duties owed, and penalty in the amount of $959,058.20, plus such other relief as may be just and appropriate; and,

5. the Court enter judgment against WINLAND, ZHAO, YU and D. ZHANG, jointly and severally, for:

Count 6: violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, in the amount of $534,972.16 for duties owed, and a penalty in the amount of $1,077,338.82, plus such other relief as may be just and appropriate; and,

6. the Court enter judgment against WINLAND, ZHAO, and YONGQIANG, jointly and severally, for:

Count 7:  violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, in the amount of $892,590.59 for duties owed, and a penalty in the amount of $2,780,941.49, plus such other relief as may be just and appropriate; or alternatively,

Count 8:  grossly negligent violations of section 1592(a)(1)(A), in the amount of $892,590.59 for duties owed, and a penalty in the amount of $2,780,941.49, plus such other relief as may be just and appropriate; and,

7.  the Court enter judgment against WINLAND, ZHAO, D. ZHANG and T. WANG, jointly and severally, for:

Count 9:  violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, in the amount of $677,653.64 for duties owed, and a penalty in the amount of $2,649,535.56, plus such other relief as may be just and appropriate; or alternatively,

Count 10:  grossly negligent violations of section 1592(a)(1)(A), in the amount of $506,335.36 for duties owed, and a penalty in the amount of $2,025,341.44, plus such other relief as may be just and appropriate; and,

8.  the Court enter judgment against WINLAND, ZHAO, and T. WANG, jointly and severally, for:

Count 11:  violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, in the amount of $235,040.61 for duties owed, and a penalty in the amount of $641,486.86, plus such other relief as may be just and appropriate; or alternatively,

Count 12:  grossly negligent violations of section 1592(a)(1)(A), in the amount of $235,040.61 for duties owed, and a penalty in the amount of $641,486.86, plus such other relief as may be just and appropriate; and,

9.  the Court enter judgment against WINLAND, ZHAO, LIU, JIA, and T. WANG, jointly and severally, for:

Count 13:  violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, in the amount of $200,105.60 for duties owed, and a penalty in the amount of $3,008,375.20, plus such other relief as may be just and appropriate; or alternatively,

Count 14:  grossly negligent violations of section 1592(a)(1)(A), in the amount of $200,105.60 for duties owed, and a penalty in the amount of $837,363.40, plus such other relief as may be just and appropriate; and,

10.  the Court enter judgment against WINLAND, ZHAO, LIU, and J. ZHANG, jointly and severally, for:

Count 15:  violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, in the amount of $228,382.53 for duties owed, and a penalty in the amount of $2,468,944.85, plus such other relief as may be just and appropriate; or alternatively,

Count 16:  grossly negligent violations of section 1592(a)(1)(A), in the amount of $199,030.36 for duties owed, and a penalty in the amount of $2,468,944.85, plus such other relief as may be just and appropriate; and,

11.  the Court enter judgment against WINLAND, ZHAO, LIU, L. ZHANG and D. WANG, jointly and severally, for:

Count 17:  violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, for a penalty in the amount of $320,738.58, plus such other relief as may be just and appropriate; or alternatively,

Count 18:  grossly negligent violations of section 1592(a)(1)(A), for a penalty in the amount of $320,738.58, plus such other relief as may be just and appropriate; and,

12.  the Court enter judgment against WINLAND, ZHAO, and LI, jointly and severally, for:

Count 19:  violations of section 1592(a)(1)(A) & (B) at a culpability level of fraud, for a penalty in the amount of $529,448.89, plus such other relief as may be just and appropriate; or alternatively,

Count 20:  grossly negligent violations of section 1592(a)(1)(A), for a penalty in the amount of $69,465.14, plus such other relief as may be just and appropriate.

Respectfully submitted,

JEFFERY BOSSERT CLARK
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

*/s/ Patricia M. McCarthy*
PATRICIA M. MCCARTHY
Assistant Director

*/s/ William Kanellis*
WILLIAM KANELLIS
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW, Suite 10000
Washington, D.C.  20009
(202) 598-5243

Attorneys for Plaintiff

OF COUNSEL:
KAREN HIYAMA
Senior Attorney
U.S. Customs and Border Protection
Office of the Assistant Chief Counsel
211 West Fort Street, Suite 1150
Detroit, MI 48226

Dated:  December 11, 2020